**Dennis L. WYMAN, Petitioner, Appellant,**

v.

**UNITED STATES, Respondent, Appellee.**

No. 02–2084.

United States Court of Appeals, First Circuit.

April 8, 2003.

---

Dennis L. Wyman on brief, pro se.

Thomas P. Colantuono, United States Attorney, and Peter E. Papps, First Assistant U.S. Attorney, on motion for summary disposition, for appellee.

Before BOUDIN, Chief Judge, CAMPBELL, Senior Circuit Judge, and LIPEZ, Circuit Judge.

PER CURIAM.

Dennis Wyman appeals from the dismissal of his § 2255 petition as "second or successive" under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The government has moved for summary dismissal of the appeal for lack of jurisdiction and on the ground that any implicit request for authorization to file a second or successive § 2255 petition should be denied. Construing this notice of appeal as a request for a Certificate of Appealability (COA), we deny it and terminate the appeal.

The claims raised in Wyman's second § 2255 petition fall into the following three categories: 1) ineffective assistance of appellate counsel claims arising from his reinstated right to appeal (Grounds 1 & 8), 2) ineffective assistance of counsel claims arising out of the disposition of Wyman's first § 2255 motion (Grounds 4 & 5), and 3) challenges to his guilty plea and sentence which were or could have been raised in his first § 2255 petition (Grounds 2, 3, 6 & 7).

On appeal, Wyman pursues only the first category of claims: his ineffective assistance of appellate counsel claims which arose out of his reinstated right of direct appeal, obtained as a result of his partially successful first § 2255 petition. We address those claims in detail. As to the

remaining claims, although they appear to be waived, our review suggests that any attempt by Wyman to pursue them on appeal would be unavailing.

Liberally construed, Wyman's filings with this court make the argument that his ineffective assistance of appellate counsel claims are not "second or successive" under AEDPA. The government's jurisdictional objection is well taken. An appeal on this basis from the district court's dismissal of Wyman's § 2255 petition as second or successive requires a COA. Rather than directing Wyman to seek a COA from the district court first, as is our usual practice, *see* Local Rule 22.1; Fed. R.App.P. 22(b), we exercise our discretion to treat the notice of appeal as a request to this court for a COA. *See United States v. Mitchell,* 216 F.3d 1126, 1130 (D.C.Cir. 2000).

Under 28 U.S.C. § 2253, Wyman is required to make a "substantial showing of the denial of a constitutional right" in order to obtain a COA. Here, the district court denied his § 2255 motion on procedural grounds, without reaching the merits of his constitutional claims. "However, the Supreme Court has held that the statute permits a COA to be granted where a supposed antecedent procedural bar prevented the district court from reaching the constitutional claim—if 1) the soundness of the procedural ruling is debatable, and 2) the constitutional claim is also colorable. *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)." *Mateo v. United States,* 2002 WL 31478779 (1st Cir., Nov.7, 2002).

I. *Ineffective Assistance of Appellate Counsel Claims*

A. *Whether Soundness of Procedural Ruling is Debatable*

 Wyman can easily satisfy the first prong of this test. This court has recog-

nized certain categories of § 2255 petitions which, although they are numerically second motions attacking the same judgment as an earlier § 2255 motion, do not fall within the scope of AEDPA's "second or successive" restrictions. One such category encompasses Wyman's ineffective assistance of appellate counsel claims: "where the second petition challenges parts of the judgment that arose as the result of the success of an earlier petition." *Id.* at 44; *see Pratt v. United States,* 129 F.3d 54, 62–63 (1st Cir.1997). Wyman's claims of ineffective assistance of appellate counsel arose out of his direct appeal, which resulted from the partial success of his first § 2255 petition. Therefore, Wyman's argument that those claims are not "second or successive" under AEDPA appears to have merit. *See United States v. Orozco-Ramirez,* 211 F.3d 862, 869 (5th Cir.2000). The correctness of the district court's ruling that Wyman's ineffective assistance of appellate counsel claims were second or successive is at least "debatable."

B. *Whether Constitutional Claims are Colorable*

 The second part of the COA test, however, presents a more difficult obstacle for petitioner. We have followed the Seventh Circuit's approach, "adopt[ing] the view that, if the petitioner's constitutional claim does not appear utterly without merit after a 'quick look,' the COA can be granted and an incorrect procedural barrier removed, the matter then being remanded to give the district court first crack at the constitutional claim." *Mateo,* 2002 WL 31478779, at *5. As low as this barrier is, it cannot be surmounted by Wyman's ineffective assistance of appellate counsel claims. Even a quick look reveals that they are utterly without merit.

Wyman faults his appellate counsel for ignoring certain issues that he asked him

to raise on appeal. The Supreme Court has recently reiterated that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). The Court emphasized the difficulty under the current standard of demonstrating that appellate counsel was incompetent for failure to raise a particular claim. *Id.* That difficulty is manifest here.

Wyman argues that his appellate counsel was ineffective for failing to raise two issues: 1) a challenge to the indictment to which he pled guilty on the ground that the evidence was insufficient to support a conviction on the charged conspiracy offense; 2) ineffective assistance of counsel at the guilty plea stage for failing to advise Wyman that the evidence would not support a conviction of the charges contained in the indictment and, therefore, he should not have pled guilty.

On direct appeal, counsel filed a brief in which he raised two *Apprendi* issues regarding Wyman's sentence. The appeal resulted in a reduction in the Wyman's supervised release term from five to three years. Wyman himself filed a pro se brief in which he argued that the court should have calculated his sentence on the basis of cocaine powder, not cocaine base. The two issues that Wyman argues were ignored by counsel are not "clearly stronger than those presented." *See Smith,* 528 U.S. at 288, 120 S.Ct. 746 (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986)). To the contrary, the ignored issues appear to be frivolous.

"A defendant who pleads guilty may not later contest the factual and theoretical foundations of the indictment to which he has pled." *United States v. Rivera Ra-*

*mos,* 856 F.2d 420, 423 (1st Cir.1988). To the extent that Wyman seeks to challenge the guilty plea on the basis of ineffective assistance of trial counsel, "[a] collateral proceeding under 28 U.S.C. § 2255, 'in which the parties and the district court can address factual matters relevant to the issue,' is the proper setting" for such a challenge. *United States v. De-La-Cruz Castro,* 299 F.3d 5, 15 (1st Cir.2002). In fact, in Wyman's first § 2255 motion, he argued that ineffective assistance of counsel had rendered his guilty plea involuntary and unknowing. The district court dismissed the claim on the merits and denied a COA. This court also denied a COA as to that claim. *See Wyman v. United States,* No. 01–2400.

■ To the extent that Wyman faults appellate counsel for not arguing that acceptance of the guilty plea lacked a factual basis, in violation of Fed.R.Civ.P. 11(f), that claim is also not even colorable. Wyman's failure to move below to withdraw his guilty plea would not necessarily have been fatal to such a challenge on appeal. *See United States v. McKelvey,* 203 F.3d 66, 69–70 (1st Cir.2000). However, the factual basis for the plea is readily apparent from the record in this case. In light of the PSR's description of the offense conduct, to which Wyman made no objection, appellate counsel's failure to challenge the guilty plea as lacking a factual basis does not state even a colorable claim of ineffective assistance. No COA may issue as to Wyman's ineffective assistance of appellate counsel claims.

II. *Petitioner's Other Claims*

A. *Second Category of Claims: Ineffective Assistance of Counsel During First § 2255 Proceedings*

■ Because they arose from events which occurred after Wyman had filed his

368

first § 2255 motion, it is debatable whether the district court properly dismissed these claims as second or successive. However, the merits prong of the applicable test clearly cannot be met. These constitutional claims are not "colorable" because there is no constitutional right to counsel in federal habeas corpus. *See McCleskey v. Zant,* 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Therefore, even if Wyman sought to pursue these claims in his appeal, no COA could issue as to these claims.

B. *Third Category of Claims: Challenging Guilty Plea and Sentence*

■ As to the remaining claims, we find that it is not "debatable" that the district court properly treated them as second or successive under AEDPA. These claims were or could have been raised in Wyman's first § 2255 petition. Therefore, no COA could be granted to appeal from the dismissal of those claims. Even were this court to construe the appeal as a request for authorization under § 2244, Wyman has not made a prima facie showing that he could satisfy AEDPA's requirements for filing a second or successive § 2255 petition. *See* 28 U.S.C. §§ 2244(b)(2), 2255.

None of these claims invokes a new rule of constitutional law. The only reference to new evidence (in ground six) falls far short of the requisite showing that reasonable jurists could debate whether such evidence, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, if Wyman had not pled guilty and had gone to trial, no reasonable factfinder would have found him guilty of the offense.

*Construing petitioner's notice of appeal as a request for a COA, the COA is denied.*

*To the extent that petitioner is seeking authorization to file a second or successive*

*§ 2255 petition, we conclude that he has failed to make a prima facie showing that he can satisfy the requirements of § 2244(b)(2) and authorization is denied.*

The appeal is *terminated.*