United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40191
Conference Calendar

_____

DAVID EDWARD POSIVAL,

Petitioner-Appellant,

versus

WARDEN JOE D. DRIVER,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-256
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

David Edward Posival, federal prisoner # 34233-079, appeals

from the denial of his 28 U.S.C. § 2241 petition, in which he

challenged his conviction for being a felon in possession of a

firearm. The district court determined that Posival's claims

would be properly raised in a 28 U.S.C. § 2255 motion but that

construing the petition under § 2255 would render it successive

and unauthorized. The district court also held that Posival

could not proceed under § 2255's savings clause.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Posival argues that the evidence was insufficient for a sentencing enhancement based on a stolen firearm and that he should be allowed to proceed under § 2255's savings clause based on United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). He also asserts that Booker and Blakely constitute an intervening change in the law, that his trial and appellate counsel rendered ineffective assistance, and that he is actually innocent. The district court properly determined that Posival's claims should be raised in a § 2255 motion and that such a motion would now be successive. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000); United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Posival's argument that he should be permitted to proceed under the savings clause is unavailing in light of this court's decision in Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005).

AFFIRMED.