**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 19, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 05-51735

(Summary Calendar)

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN JUAREZ-SANCHEZ, also known as Juan Lucio Juarez-Sanchez,

Defendant - Appellant.

———————————————————————————————

Appeal from the United States District Court
For the Western District of Texas
(3:05-CV-244)
(3:03-CR-828-ALL)

———————————————————————————————

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Juarez-Sanchez ("Juarez"), federal prisoner # 34530-180, appeals from the district

court's dismissal of his 28 U.S.C. § 2255 motion for lack of jurisdiction because it was a successive

———————

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

filed without permission. The district court granted a certificate of appealability (COA) on the issue of whether jurists of reason would conclude that the instant § 2255 motion is a successive.

In 2004, Juarez filed a § 2255 petition, arguing that his sentence was imposed in violation of the Sixth Amendment as set forth in *Blakely v. Washington*, 542 U.S. 296 (2004). As *Booker* had not yet been decided, the district court dismissed Juarez's petition using then-current caselaw. *See United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004) (holding that *Blakely* did not apply to the federal sentencing guidelines). The district court designated its decision as a dismissal without prejudice "[i]n the unlikely event that the Supreme Court holds that *Blakely* applies to the federal sentencing guidelines *and* that it applies retroactively to cases on collateral review . . . ."

In 2005, Juarez filed the instant § 2255 petition. He does not reassert his *Blakely* claim but instead argues ineffective assistance of counsel at trial and on direct appeal. The district court dismissed his petition on the ground that it was successive and Juarez had not obtained permission from this Court to file it. *See* 28 U.S.C. § 2255 ¶ 8; 28 U.S.C. § 2244(b)(3)(A). On appeal, Juarez argues that because his first § 2255 motion was dismissed without prejudice, it was as if it were never filed and, as a result, his second § 2255 motion is not successive.

Contrary to Juarez's assertions, the only cases in which a prisoner's second filing did not constitute a successive petition did not turn on whether the previous filing was dismissed "without prejudice." *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998). Rather, these holdings were based on the fact that, in the first petition, "the habeas petitioner [did] not receive an adjudication of his claim. To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645. Here, however, is not this situation.

The district court decided Juarez's *Blakely* claim on the merits, only to conclude that this Court's precedent foreclosed it. Thus, the instant case is unlike those in which a prior petition, dismissed without prejudice for technical procedural reasons, was treated as if it were never filed.

Moreover, Juarez's second petition does not satisfy the conditions under which he could re-file his claim without prejudice. The district court explicitly conditioned its "without prejudice" designation on the Supreme Court deciding that *Blakely* applies to the federal sentencing guidelines *and* that the rule applies retroactively on collateral review. Because Juarez's second petition did not satisfy these conditions and instead brings new claims, it is successive. *Cf. Slack*, 529 U.S. at 489 ("[I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims . . . . The failure to comply with an order of the court is grounds for dismissal with prejudice.").

Because the ineffective-assistance-of-counsel arguments in Juarez's second § 2255 motion constitute a challenge to his sentence on constitutional grounds that could have been raised in his first § 2255 motion, Juarez's second § 2255 motion is successive within the meaning of § 2255. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000); *see also Jones v. Estelle*, 722 F.2d 159, 168 (5th Cir. 1983) (articulating this Court's "strong policy against piecemealing claims"); *Graham v. Johnson*, 168 F.3d 762, 780 (5th Cir. 1999) ("[c]onstruing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes.").

AFFIRMED.