United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-31120
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO JEFFERSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:94-CR-50069-2
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lorenzo Jefferson, federal prisoner # 08786-035, was found
guilty by a jury of three counts of a five-count indictment
charging him with offenses relating to the distribution of
cocaine base and marijuana as well as a firearms offense. His
conviction was affirmed on appeal. He obtained partial relief
via a 28 U.S.C. § 2255 motion with respect to his firearms
conviction. He was denied leave to file a second or successive
§ 2255 motion, and the district court later denied a 28 U.S.C.
§ 2241 motion as an attempt to circumvent the requirements for a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

successive § 2255 motion. Jefferson then filed a motion for writ of mandamus, asserting that Count One of the indictment was constructively amended by an erroneous jury instruction. This motion was rejected by the district court and by this court as again attempting to circumvent the filing requirements for a successive § 2255 motion. Undaunted, Jefferson filed another motion, this time pursuant to the All Writs Act, raising the same constructive amendment argument. The district court denied this latest motion. Jefferson appeals and seeks bail.

Jefferson's motion is properly construed as a successive § 2255 motion. See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000); United States v. Rich, 141 F.3d 550, 551-52 (5th Cir. 1998). Thus, Jefferson was required to obtain leave of this court to file it, and the district court was without jurisdiction to entertain the motion. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Jefferson's reliance on the All Writs Act is misplaced, as the relief he seeks falls within the scope of relief available under § 2255. See, e.g., Carlisle v. United States, 517 U.S. 416, 429 (1996). Finally, Jefferson's contention that his argument is jurisdictional and may be raised at any time is without merit. See United States v. Bieganowski, 313 F.3d 264, 286-87 (5th Cir. 2002).

As Jefferson's brief fails to raise any issues of arguable merit, we dismiss it as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Jefferson is

warned that any further repetitious or frivolous filings, including those attempting to circumvent statutory restrictions on filing second or successive § 2255 motions, may result in the imposition of sanctions against him. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Jefferson's motion for bail pending appeal is denied.

APPEAL DISMISSED; MOTION FOR BAIL DENIED; SANCTION WARNING ISSUED.