# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2010

Lyle W. Cayce
Clerk

No. 09-40076
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL RUIZ, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-643-2
USDC No. 2:08-CV-77

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Miguel Ruiz, Jr., federal prisoner # 57857-179, appeals the denial of his post judgment motion to amend the judgment denying his 28 U.S.C. § 2255 motion and the denial of his amended § 2255 motion, wherein he sought to challenge his conviction of possession with intent to distribute 4.83 kilograms of cocaine. This court granted Ruiz a certificate of appealability on the following issues: (1) whether the district court erred by denying his motion under Federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule of Civil Procedure 59(e) and (2) whether the district court erred by denying Ruiz's motion to amend his § 2255 motion.

Ruiz argues that the district court abused its discretion by denying his Rule 59(e) motion because the motion was timely. He also argues that his motion should have been granted because the district court did not understand his § 2255 filings due to his mental deficiency and that his mental deficiency prevented him from understanding and complying with the § 2255 procedures. Ruiz has not demonstrated that the district court's denial of his Rule 59(e) motion was based upon manifest errors of law or fact or presented newly discovered evidence. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Accordingly, he has not demonstrated that the district court abused its discretion by denying his motion to alter or amend the judgment. *See Midland West Corp. v. Fed. Deposit Ins. Corp.*, 911 F.2d 1141, 1145 (5th Cir. 1990).

Ruiz also argues that the district court erred by denying his post judgment motion to amend his § 2255 motion. He argues that his motion should have been granted, pursuant to Federal Rule of Civil Procedure 15, in the interests of justice because his prior pleadings reflect that he was unable to understand the proceedings without assistance and that the argument he raised in his motion to amend, that counsel was ineffective for failing to ensure his mental competence prior to his conviction and sentencing, related back to his original § 2255 filings. Ruiz is not entitled to relief under Rule 15. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

Ruiz's post judgment motion to amend his § 2255 motion constituted an unauthorized successive § 2255 motion. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (1998)); *cf. Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). Accordingly, Ruiz has not demonstrated that the district court erred by denying his motion.

The judgment is AFFIRMED.