# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 29, 2011

Lyle W. Cayce
Clerk

No. 11-50406
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMIDRICK DESHONE FEARCE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-41-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Damidrick Deshone Fearce, represented by counsel, appeals his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack) within 1,000 feet of a school or playground. Fearce did not file a timely notice of appeal after the district court sentenced him to 240 months of imprisonment. He later initiated 28 U.S.C. § 2255 proceedings, challenging, among other things, his trial counsel's effectiveness for not filing a direct appeal despite a request to do so. The district court granted Fearce the right to file an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

out-of-time appeal and dismissed his remaining § 2255 claims without prejudice. The district court, however, did not reenter the judgment of conviction. Thus, Fearce's instant notice of appeal was filed more than three years after the original criminal judgment was entered against him and before the reentry of the criminal judgment, and it is untimely. *See United States v. West*, 240 F.3d 456, 459–60 (5th Cir. 2001); *see also* FED. R. APP. P. 4(b)(1)(A). However, the time limit for filing a criminal appeal is not jurisdictional and can be waived. *United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007). Because the Government does not oppose Fearce's out-of-time appeal, it has waived the application of Rule 4(b). Accordingly, we may address Fearce's appeal.

Fearce argues that he was denied effective assistance of trial counsel who Fearce alleges (1) advised him to plead guilty without informing him of all the essential elements of the charges to which he was pleading; (2) promised him he would receive a ten-year sentence in exchange for giving up his rights to a jury trial; and (3) failed to challenge the presentence report which Fearce says overstated the seriousness of his criminal history and impermissibly and erroneously double counted convictions and criminal history points. He contends that, as result of counsel's deficient performance, the district court imposed a sentence that was both procedurally and substantively unreasonable for a variety of reasons.

The record has not been sufficiently developed to allow consideration of Fearce's claims of ineffective assistance of trial counsel, and Fearce has not shown that this court should make an exception to the general rule that such claims generally are not resolved on direct appeal. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). A postconviction motion pursuant to § 2255 is the appropriate vehicle for Fearce's claims that trial counsel was ineffective. *See Massaro v. United States*, 538 U.S. 500, 504–06 (2003). We note, however, that Fearce has already raised at least one similar claim before the district court in his initial § 2255 motion which was dismissed without prejudice pending the

outcome of his reinstated direct appeal. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 871 n.15 (5th Cir. 2000). Fearce has the option of presenting any previously raised, but unadjudicated, claims of ineffective assistance of counsel to the district court for consideration on the merits. *See id.* We express no opinion as to which claims Fearce can successfully assert as opposed to others that may be barred by AEDPA's restrictions on "second or successive" motions. *See id.* at 867–68; *see also* 28 U.S.C. § 2244.

AFFIRMED.