# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2013

No. 12-30361
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LIONEL CUREAUX, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:93-CR-409-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lionel Cureaux, Sr., federal prisoner # 23888-034, was convicted by a jury of conspiracy to possess with intent to distribute cocaine and using and carrying a firearm during and in relation to a drug-trafficking offense. He challenges the district court's denial of a motion to correct clerical errors in the record and his "motion to transcribe or photocopy" grand jury documents.

Specifically, Cureaux sought a correction of entries on the trial court's docket sheet and a grand jury form on the grounds that the entries

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misrepresented the sequence in which charging instruments were filed. The district court denied Cureaux's motion because of his failure to state how any such errors would have affected his conviction or sentence.

Federal Rule of Criminal Procedure 36 states that "the court may at any time correct a clerical error in . . . part of the record . . . or correct an error . . . arising from oversight or omission." The language of the Rule is permissive, indicating that the district court has discretion. We agree with the district court that Cureaux has not shown that such a correction would serve any purpose, and there was no error in denying the motion.

On appeal, Cureaux has shifted his focus to arguing that the correction will demonstrate he was never properly indicted, making his conviction invalid. The argument is frivolous. There is no real dispute that even if criminal proceedings began against him without an indictment, there was eventually – even if misnumbered as a "third" superseding indictment – a proper, grand-jury made charge against him. The argument in Cureaux's appellate brief makes clear that the purpose of this request for a correction of the record is to support the equivalent of a successive Section 2255 motion.

These arguments about the indictment could have been, and indeed largely were, brought in his initial Section 2255 motion. Cureaux's Rule 36 motion was an effort to bring an unauthorized motion under 28 U.S.C. § 2255. The label used by the movant is unimportant, and the district court had no jurisdiction to consider the motion. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000)*; United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The judgment of the district court is AFFIRMED. Cureaux's second motion to supplement is DENIED.