# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2020

No. 19-51116

Lyle W. Cayce
Clerk

In re:  JOSE TRINIDAD MEDEROS-UGARTE, also known as Trinidad Jose Mederos,

Movant

Motion for an order authorizing
the United States District Court
for the Western District of Texas to consider
a successive 28 U.S.C. § 2255 motion

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

Following the district court's transfer of this case to our court, Jose Trinidad Mederos-Ugarte, federal prisoner # 53531-280, moves for authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his convictions and sentences for possession with intent to distribute 500 grams or more of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime.  *See* 18 U.S.C. § 924(c)(1)(A); 21 U.S.C. § 841(a)(1), (b)(1)(A).  In transferring the case, the district court determined that the § 2255 motion Mederos-Ugarte filed in May 2019 was second or successive to a December 2016 § 2255 motion, which the district court had dismissed without

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prejudice after reinstating the criminal judgment against Mederos-Ugarte to permit his out-of-time direct appeal of his convictions and sentences.

Mederos-Ugarte seeks to raise a number of claims in his proposed § 2255 motion but only renews one claim from his initial § 2255 motion. He proposes to argue that trial counsel Richard Jones rendered ineffective assistance by failing to investigate and properly advise Mederos-Ugarte regarding the Sentencing Guidelines, thus rendering Mederos-Ugarte's plea of guilty involuntary. Because there was no adjudication on the merits of this claim, the claim is not successive within the meaning of § 2255(h) or 28 U.S.C. § 2244(b)(3)(A). *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867-71 & n.15 (5th Cir. 2000). Mederos-Ugarte, therefore, need not obtain this court's authorization to file his proposed § 2255 motion as to this claim. *See* § 2244(b)(3)(A); *Orozco-Ramirez*, 211 F.3d at 869, 871 n.15. Moreover, the district court's transfer order as to this claim was not authorized under 28 U.S.C. § 1631 because the district court had jurisdiction over the § 2255 motion, and we lack jurisdiction as to this claim alone. *See United States v. Fulton*, 780 F.3d 683, 685 (5th Cir. 2015).

All of the other claims Mederos-Ugarte proposes to raise in his second § 2255 motion arise from and relate entirely to proceedings occurring prior to the filing of his initial § 2255 motion. He has presented nothing indicating that he was prevented from raising the claims in that motion. *See Orozco-Ramirez*, 211 F.3d at 869. They are thus successive, and Mederos-Ugarte may only file these claims if he meets the requirements of § 2255(h). *See id.*; *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *see also* § 2244(b)(3)(A). To be granted authorization to file a successive § 2255 motion, Mederos-Ugarte must make a prima facie showing that his motion "contain[s]" either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would

No. 19-51116

be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *see* § 2244(b)(3)(C); *Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001).   Mederos-Ugarte does not discuss § 2255(h), much less make the required prima facie showing, and his motion for authorization to file a successive § 2255 motion is DENIED as to his claims other than the previously raised but unadjudicated claim of ineffective assistance of trial counsel as to counsel's investigation of and advice regarding the Sentencing Guidelines.  *See* § 2244(b)(3)(A); § 2255(h); *Key*, 205 F.3d at 774.

IT IS ORDERED that Mederos-Ugarte's motion for authorization to file a second or successive § 2255 motion as to his claim that trial counsel Jones performed ineffectively by failing to investigate and properly advise Mederos-Ugarte regarding the Sentencing Guidelines is DENIED AS UNNECESSARY; the district court's transfer order is VACATED as to only this claim; and this claim alone is REMANDED to the district court for consideration on the merits. We express no opinion as to the merit of the claim.