# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-50960
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dominic Villa,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 7:19-CV-192, 7:18-CR-45-1

———————————————————————

Before Higginbotham, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Dominic Villa, federal prisoner # 97469-2850, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's order construing his Federal Rule of Civil Procedure 33 motion as an unauthorized successive 28 U.S.C. § 2255 motion and transferring it to this court. In his motion, Villa alleged that (1) the district court coerced him into pleading guilty by asking

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

him follow-up questions after he indicated that he had not had enough time to discuss the case with his attorney; (2) his trial counsel rendered ineffective assistance during the plea hearing; (3) the Government mentioned the existence of a recorded phone call during the plea hearing, but never disclosed its existence prior to the hearing, violating *Brady v. Maryland*, 373 U.S. 83 (1963); and (4) the district court erred in accepting his guilty plea without conducting a proper plea colloquy as required under Rule 11 of the Federal Rules of Criminal Procedure.

By moving to proceed IFP on appeal, Villa is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To obtain IFP status, Villa must show both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Even if Villa satisfies the financial eligibility requirement, he has not shown a nonfrivolous appellate issue. *See id.* His motion was filed more than three years after the judgment in his case and thus could not be deemed a Rule 33 motion. *See* Fed. R. Crim. P. 33(b)(1). In addition, it raises challenges to his guilty plea that were available to him at the time he filed his initial § 2255 motion. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Thus, his contention that his motion should not be deemed a successive § 2255 motion is frivolous. Absent authorization from this court, the district court lacked jurisdiction to consider the motion. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Therefore, for the foregoing reasons, the district court did not err in construing Villa's Rule 33 motion as an unauthorized successive § 2255 motion and transferring it to this court. Accordingly, we DENY the motion to proceed IFP on appeal and DISMISS Villa's appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir R. 42.2.