

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2003

# USA v. Barnes

Precedential or Non-Precedential: Precedential

Docket 02-1002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Barnes" (2003). *2003 Decisions.* Paper 679.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/679

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed March 24, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-1002 and 02-1592

UNITED STATES OF AMERICA

v.

WALTER BARNES,

*Appellant in No. 02-1002*

UNITED STATES OF AMERICA

v.

WALTER BARNES,

*Appellant in No. 02-1592*

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-00060)
Honorable Eduardo C. Robreno, District Judge

Submitted under Third Circuit LAR 34.1(a)
February 28, 2003

BEFORE: SCIRICA, GREENBERG, and GIBSON,*
*Circuit Judges*

(Filed: March 24, 2003)

---

* Honorable John R. Gibson, Senior Judge of the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

Mark D. Mungello
103 LaCosta Drive
Blackwood, NJ 08012

*Attorney for Appellant*

Patrick L. Meehan
United States Attorney
Laurie Magid
Deputy United States Attorney
for Policy and Appeals
Robert A. Zauzmer
Assistant United States Attorney
Senior Appellate Counsel
M. Taylor Aspinwall
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Attorneys for Appellee*

## OPINION OF THE COURT

GREENBERG, *Circuit Judge*:

These consolidated proceedings come on before this court on appeals from a judgment of conviction and sentence entered December 26, 2001, and from an order entered on February 19, 2002, denying bail. We set forth the case's rather convoluted procedural history in detail as that history caused us to question whether we have jurisdiction and thus to request the parties' views on that point. The parties have stated their views, both urging that we have jurisdiction. We independently have determined that we do have jurisdiction and thus adjudicate the case on the merits insofar as the issues raised are properly before us. *See United States v. Scarfo*, 263 F.3d 80, 87 (3d Cir. 2001).

The background of the case is as follows. Appellant Walter Barnes was charged in a ten-count indictment with filing false claims for refunds with the Internal Revenue Service and with aiding and abetting the presentation of the claims contrary to 18 U.S.C. §§ 287 and 2. The indictment

arose out of a scheme in which Barnes and Joseph Johnson, who also was indicted but pleaded guilty and testified at Barnes' trial, cooperated in a scheme to prepare and file false income tax returns for a fee, thereby obtaining for the taxpayers refunds to which they were not entitled. The scheme included making unjustified claims for deductions for dependents on the taxpayers' returns and improperly claiming "Head of Household" instead of "Single" filing status on certain returns. Barnes pleaded not guilty to the indictment but was convicted on nine of the ten counts at a jury trial.

The Probation Office prepared a presentence report and neither party, though having the opportunity to do so, objected to the proposed total offense level or any other guideline calculation. Thus, the Probation Office's calculation of a total offense level of 18 which, with a criminal history category of I, yielded a guideline range of 27 to 33 months, went unchallenged. The Probation Office calculated the total offense level on the basis of tax offense rather than fraud guidelines and included a 4-level increase for Barnes' leadership role under U.S.S.G. § 3B1.1(a). The use of the tax guidelines resulted in a 2-level higher offense level than the fraud guidelines would have yielded. The district court sentenced Barnes on December 13, 2000, to a 33-month custodial term to be followed by a three-year term of supervised release. In addition, the court ordered Barnes to pay restitution but we are not concerned with that aspect of the sentence on this appeal. The judgment of conviction and sentence was entered on January 3, 2001.

Following the sentencing there was some confusion regarding whether Barnes intended to appeal and, as a result, his attorney did not file a notice of appeal for him. Barnes, however, filed an untimely pro se notice of appeal on March 6, 2001, but we dismissed the appeal on July 11, 2001.

After Barnes filed his notice of appeal but before we dismissed the appeal, he filed a motion on May 23, 2001, under 28 U.S.C. § 2255 in the district court seeking relief on the theory that his attorney had been ineffective for failing to file a notice of appeal. On May 25, 2001, the district court, as required by *United States v. Miller*, 197

F.3d 644, 652 (3d Cir. 1999), entered an order that advised Barnes of the necessity to include all of his claims for relief in his section 2255 petition because of the statutory impediment in section 2255 to filing a second or successive petition under that section. In response, Barnes filed a notice on June 22, 2001, that he wished to withdraw his original motion. The district court granted Barnes' motion and on July 2, 2001, entered an order dismissing the section 2255 motion without prejudice.

On August 30, 2001, Barnes filed a new section 2255 motion which, in view of the order dismissing his original motion without prejudice, was a substituted rather than a second or successive motion. The substituted motion sought relief on three bases by reason of Barnes' trial attorney having been ineffective: (1) for failing to appeal; (2) for not objecting to the use of tax rather than fraud guidelines in the calculation of his offense level; and (3) for failing to object to the 4-level offense level increase for a leadership role. The district court appointed a new attorney to represent Barnes on the substituted section 2255 motion but Barnes nevertheless filed a pro se brief raising a fourth point, *i.e.*, that he was entitled to a downward sentencing departure because the Bureau of Prisons was not providing him with necessary medical care.

The district court held a hearing on Barnes' motion and granted it on December 21, 2001, but only to the extent that the court vacated the judgment of conviction and sentence entered on January 3, 2001, and entered an identical judgment of conviction and sentence on December 26, 2001. The December 21, 2001 order further provided that "All other issues will be taken under advisement." This substitution of a new but identical judgment in the place of the original judgment permitted Barnes to file a timely notice of appeal. In fact, Barnes appealed on December 31, 2001, but only from the substituted judgment of conviction and sentence entered on December 26, 2001. This appeal was docketed as No. 02-1002.

Subsequently, on January 17, 2002, Barnes moved for bail pending appeal but on February 19, 2002, the district court denied that motion. On February 27, 2002, Barnes filed a timely notice of appeal, docketed as No. 02-1592,

from the February 19, 2002 order denying bail. We have consolidated the two appeals and adjudicate both in this opinion.

When we considered the foregoing procedural history we were concerned because it was apparent that the district court largely had not addressed the issues Barnes raised in his substituted section 2255 motion. It thus occurred to us that the matter might not be final in all respects in the district court. We are satisfied, however, that we have jurisdiction over the appeal from the judgment of conviction and sentence in No. 02-1002 as the partially pending substituted section 2255 motion does not make the judgment of conviction and sentence any less final and appealable than it otherwise would be.

Ordinarily a section 2255 motion is filed after a defendant's completion of unsuccessful direct appellate proceedings following the filing of an appeal from a judgment of conviction and sentence. The district court, by holding all of Barnes' contentions under advisement except his contention that his attorney had been ineffective for not appealing, and thus allowing an appeal from the judgment of conviction and sentence, simply replicated that procedure as far as possible. Furthermore, the only reasons that there is a jurisdictional question at all are that Barnes' original attorney failed to file a timely appeal and, in light of the restrictions on the filing of second or successive petitions under section 2255, Barnes, contrary to his original intention, was constrained to raise all of his section 2255 issues in his first motion under that rule. We think that for purposes of finality and appealability we should treat the direct proceedings leading to the conviction as discrete from the section 2255 proceedings. That said, we also have jurisdiction over the appeal from the denial of bail pending appeal. *See* 18 U.S.C. § 3145(c); 28 U.S.C. § 1291.

In Barnes' appeal from the judgment of conviction and sentence he raises the following three contentions:

I. [He] suffered ineffective assistance of counsel at the time of sentencing when his attorney failed to object to the court's application of the tax guidelines found at U.S.S.G. sections 2T1.4 and 2T4.1 instead of the guidelines called for by U.S.S.G. section 2F1.1.

II. [H]is attorney was ineffective for failing to object to the lower court's determination that [he] was a leader or organizer under U.S.S.G. section 3B1.1.

III. [H]is attorney was ineffective for failing to make a motion for a departure on the basis of Mr. Barnes' poor physical condition pursuant to U.S.S.G. section 5H1.4.

Br. at i. While the government suggests that we recast the first two of these contentions and consider them substantively on a plain error standard not dependent on an ineffective assistance of counsel argument, we decline to do so as it seems to us that Barnes should be able to present his arguments in the way he chooses.

Nevertheless Barnes' problem with presenting the foregoing issues on his appeal from the judgment of conviction and sentence is obvious. We repeatedly have emphasized that we ordinarily do not entertain claims predicated on an attorney's alleged ineffectiveness on direct appeal but rather reserve them for disposition in section 2255 proceedings. *See, e.g., United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002).

We have recognized, however, a narrow exception to this practice when the record establishes a basis for the review of the claims. *See United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984), supplies a basis to review Barnes' first claim under that exception. In *Strickland* the Court made clear that an ineffective assistance of counsel claim to be successful must demonstrate that the attorney's performance prejudiced the defendant. Clearly, an attorney's performance cannot have prejudiced a defendant if his alleged ineffectiveness was the failure to advance an unmeritorious claim that could not have been successful had it been advanced. *See Government of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

We are satisfied that Barnes' first claim is not meritorious. Barnes points out that U.S.S.G. § 2F1.1(a), as applicable in this case, provides that the base offense level for a conviction under 18 U.S.C. § 287 is 6 and under U.S.S.G. § 2F1.1(b), as applicable here, inasmuch as the

loss was between $20,000 and $40,000, his offense level would be increased by 4, giving an adjusted base offense level of 10. However, under U.S.S.G. § 2T1.4, which the court used here in calculating Barnes' offense level by reference to U.S.S.G. § 2T4.1, the adjusted base offense level was 12.

Barnes predicates his argument on Appendix A - Statutory to the Sentencing Guidelines which indicates that "[t]his index specifies the offense guideline section(s) in Chapter Two (Offense Conduct) applicable to the statute of conviction." The appendix at the time of Barnes' sentencing made section 2F1.1 applicable for a section 287 offense. He then observes that the appendix text continues: "[i]f more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." He reasons from the foregoing that inasmuch as section 287 referenced only section 2F1.1 when he was sentenced then that section must be used.

There is some force to Barnes' argument. The problem with it, however, is that it only gives part of the guidelines picture for Application Note 14 to section 2F1.1, as applicable here, makes clear that a different guideline should be used if an "offense [is] more aptly covered by another guideline." Section 2T1.4 covers "Aiding, Assisting, Procuring, Counseling, or Advising Tax Fraud" and thus describes the offenses Barnes committed and is more apt for use in sentencing here than section 2F1.1.[1] *See United States v. Aragbaye*, 234 F.3d 1101, 1104-06 (9th Cir. 2000). Accordingly, Barnes' attorney cannot have been ineffective for failing to contend that section 2F1.1 rather than section 2T1.4 should have been applied in calculating Barnes' offense level as the court would have rejected that contention.

---

1. Section 2F1.1 was deleted as of November 1, 2001. In Appendix A to the guidelines section 287 now references U.S.S.G. § 2B1.1 which, like section 2F1.1, provides for a base offense level of 6, subject to increases depending on the amount of the loss. Application Note 11 to section 2B1.1, as amended in 2001, is similar to Application Note 14 to deleted section 2F1.1.

We, however, cannot reach the same result with respect to Barnes' two other claims charging that his attorney was ineffective because the record does not establish a sufficient basis for us to pass on them. The first of these two claims challenges the 4-level increase for Barnes' leadership role in the offense. The government acknowledges that in determining whether Barnes was an organizer or leader of a criminal activity "that involved five or more participants," *see* U.S.S.G. § 3B1.1(a), the "presentence report swept too broadly in considering every taxpayer a participant, without a showing that each was aware of the criminal nature of the returns." Br. at 36 n.11. The government nevertheless makes an analysis of the record in an attempt to demonstrate that there were sufficient participants with criminal knowledge so that section 3B1.1(a) was applicable and urges that "there was substantial evidence in the record supporting the four-level enhancement." Br. at 40.

We are satisfied that if any court should make the finding of fact that the government urges is appropriate, it should be the district court as that court imposes sentences. Moreover, the mere circumstance that evidence could support a finding does not mean that we should uphold a finding that the district court never made or, as here, made on an insufficient basis. The reality is that the district court, quite understandably in view of the parties' lack of objection, indicated that it would "adopt the proposed findings of fact contained in the presentence investigation report as the findings of fact of this Court for purposes of this sentencing." App. at 30. Those findings were not grounded properly in the record for, as the government recognizes, the presentence report "swept too broadly." Consequently, we will not say that Barnes' attorney's failure to object to the section 3B1.1(a) finding was not prejudicial to Barnes as an objection to it may or may not have been successful. In the circumstances, the district court should consider the ineffectiveness of counsel argument on this point in the section 2255 proceedings.

We reach the same result with respect to Barnes' argument that his attorney was ineffective for failure to move for a departure on the basis of his poor physical condition. The record does not permit us to make a

determination on this point. Thus, the district court should consider the argument in the section 2255 proceedings.

Finally, we consider but reject Barnes' argument that he should have been granted bail pending appeal. In reaching our conclusion we have not been unmindful that Barnes already has served a large portion of his sentence. Nevertheless, exercising plenary review, *see United States v. Messerlian*, 793 F.2d 94, 95 (3d Cir. 1986); *United States v. Smith*, 793 F.2d 85, 87 (3d Cir. 1986), we conclude that inasmuch as we are affirming the judgment of conviction and sentence we should affirm the order denying bail pending appeal.[2] Certainly it would be strange to grant bail pending appeal at the precise time the appeal was failing. *See* 18 U.S.C. § 3143(b)(B). We make our determination with respect to bail without prejudice to Barnes seeking bail from the district court in the pending section 2255 proceeding.[3]

For the foregoing reasons we will affirm the judgment of conviction and sentence entered December 26, 2001, and the order denying bail entered February 19, 2002.

A True Copy:
        Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*

---

2. Arguably the appeal in the bail appeal is moot in view of our disposition of the main appeal. We are satisfied, however, that this is not so because our opinion does not necessarily terminate Barnes' direct appellate proceedings as he may petition for rehearing or seek a writ of certiorari from the United States Supreme Court.

3. We do not intend to imply that if Barnes seeks bail the court should grant his application. Rather, we do not reach that question.