

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2003

# In Re: Olabode

Precedential or Non-Precedential: Precedential

Docket 02-2226

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"In Re: Olabode " (2003). *2003 Decisions.* Paper 594.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/594

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed April 10, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2226

IN RE: ILORI BABAJIDE OLABODE,
*Petitioner*

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 98-cr-00297-3)
District Judge: Hon. Marvin Katz

Argued: January 28, 2003

Before: SLOVITER, RENDELL, *Circuit Judges*,
and DEBEVOISE, *District Judge**

(Filed April 10, 2003)

Peter A. Levin (Argued)
1927 Hamilton Street
Philadelphia, PA 19130

Attorney for Petitioner

---

* Honorable Dickinson R. Debevoise, Senior Judge, United States District
Court for the District of New Jersey, sitting by designation.

Patrick L. Meehan
 United States Attorney
Laurie Magid
 Deputy United States Attorney
Robert A. Zauzmer
 Assistant United States Attorney

Christopher R. Hall (Argued)
 Assistant United States Attorney
Office of United States Attorney
Philadelphia, PA 19106

  Attorneys for Respondent

Maureen Kearney Rowley
 Chief Federal Defender
David L. McColgin (Argued)
 Assistant Federal Defender
 Supervising Appellate Attorney
Defender Association of Philadelphia
Federal Court Division
Philadelphia, PA 19106

  Attorneys for Amici Curiae,
  Community Defender Organization
  for the Eastern District of
  Pennsylvania; Federal Court
  Division of the Defender
  Association of Philadelphia;
  Federal Defender Offices of the
  Middle District of Pennsylvania,
  Western District of Pennsylvania,
  New Jersey, Delaware, and the
  Virgin Islands; and National
  Association of Federal Defenders

## OPINION OF THE COURT

SLOVITER, *Circuit Judge*:

The issue before us is whether Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is "second or successive" under the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") where the District Court had previously granted Petitioner's § 2255 motion restoring his right to file a direct appeal. After Petitioner was unsuccessful on his direct appeal, he filed the § 2255 motion which is the subject of the appeal before us. This court has not previously addressed this issue. Six other courts of appeals have considered the issue and are divided, with the majority concluding that such a motion is not second or successive for purposes of AEDPA. We turn to the facts of the case before considering the legal issue.

## I.

### BACKGROUND

In 1998, a federal grand jury charged Ilori Olabode with one count of conspiracy in violation of 18 U.S.C. § 371, one count of bank fraud in violation of 18 U.S.C. § 1344, forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A) and aiding and abetting in violation of 18 U.S.C. § 2. Using false names, Olabode and his co-conspirators obtained licenses to operate fictitious businesses, opened commercial accounts at various banks, deposited counterfeit checks and made cash withdrawals. Olabode made deposits totaling $166,662.58 and withdrew $36,000 in cash before the banks discovered the scheme.

Olabode pled guilty to the conspiracy charge on November 30, 1998 pursuant to a written plea agreement. The District Court dismissed the remaining counts of the indictment and granted the Government's motion for a downward departure based upon Olabode's substantial assistance in the investigation of another person. On June 25, 1999, the District Court sentenced Olabode to six months imprisonment and three years supervised release, and ordered him to pay restitution in the amount of $36,000 and a $100 special assessment. Olabode's prison term expired on December 22, 1999 and he is being detained at an INS detention facility.[1]

---

1. This case is not moot, because Olabode may suffer the collateral consequence of deportation as a result of his conviction.

On May 9, 2000, Olabode, proceeding *pro se*, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that his counsel failed to file a direct appeal as he requested. Pursuant to this court's decision in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the District Court notified Olabode that under AEDPA, he must include all of his potential claims in his § 2255 motion, and gave him 30 days to inform the court whether he wished to supplement his motion. Olabode did not respond. However, the Government conceded that there was merit to his claim that counsel failed to file a direct appeal.

On July 26, 2000, the District Court granted Olabode's § 2255 motion and stated that it would resentence him to allow the filing of a notice of appeal. It appointed the Defender Association of Philadelphia, Federal Court Division to represent Olabode. Defense counsel subsequently informed the District Court by letter that he had reviewed the record, that he found "no additional grounds for habeas relief" and that he was ready to proceed with the resentencing. Supp. App. at 13. On January 11, 2001, the District Court reimposed the original sentence. Olabode filed a notice of appeal on January 12, 2001.

On direct appeal, Olabode claimed that the District Court had improperly delegated the setting of the restitution schedule to the probation office. The Government agreed that a remand was warranted. This court remanded the case to the District Court to impose a restitution schedule. On February 15, 2002, the District Court ordered a schedule of payments fixed at $1.00 per year while Olabode was confined at the INS detention center.

On March 15, 2002, Olabode filed another *pro se* motion to vacate his sentence pursuant to § 2255, alleging that trial counsel misrepresented the terms of the plea agreement and that the evidence was insufficient to support his guilty plea. The District Court transferred the motion to this court as an application for authorization to file a second or successive § 2255 motion to the extent Olabode claimed counsel was ineffective during the guilty plea colloquy and sentencing, and denied the motion on the merits to the extent Olabode claimed counsel rendered

ineffective assistance on appeal. Olabode has not appealed the latter ruling. This court appointed counsel to represent Olabode and directed the parties to address whether a subsequent § 2255 motion is second or successive when a prior § 2255 motion was limited to an effort to reinstate the right to file a direct appeal. An amicus brief was filed on behalf of the Community Defender Organization for the Eastern District of Pennsylvania, the Federal Court Division of the Defender Association of Philadelphia, the Federal Defender Office for the Middle District of Pennsylvania, the Federal Defender Office for the Western District of Pennsylvania, the Federal Defender Office of New Jersey, the Federal Defender Office of Delaware, the Federal Defender Office for the Virgin Islands, and the National Association of Federal Defenders. Amici argue that Olabode's § 2255 motion is not second or successive.

## II.

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction over a motion for authorization to file a second or successive motion to vacate sentence pursuant to 28 U.S.C. §§ 2244, 2255. We review issues of statutory interpretation de novo. *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999).

## III.

## DISCUSSION

The passage of AEDPA effected many changes in the law regarding applications for collateral relief in the federal courts. Significant among those changes was the new limitation of a prisoner's ability to file more than one collateral challenge. Previously, the courts could dismiss a second or subsequent collateral attack on a conviction if the court believed it constituted an "abuse of the writ." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). AEDPA, however, has imposed a much more stringent rule. Once the defendant has completed a direct appeal, the prisoner

may file one collateral challenge as a matter of course provided it is timely. *See* 28 U.S.C. § 2255.

Thereafter, a prisoner's ability to file a second or successive application for collateral relief is limited. Before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255. Authorization may be granted only if the motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255. Notwithstanding the specificity of many of the provisions of AEDPA, it does not define what constitutes a "second or successive" motion, the necessary predicate for application of these provisions.

Olabode argues that the § 2255 motion that he filed after his resentencing is not second or successive because he filed his first § 2255 motion to reinstate his right to a direct appeal after his counsel failed to file a notice of appeal. He notes that a defendant whose counsel filed a timely direct appeal would be able to file a § 2255 motion thereafter. He maintains that it would be unjust to require him to use his one § 2255 motion to reinstate a right that he would have had if counsel filed an appeal as he requested.

Olabode's argument is supported by the amici curiae who contend that, as a matter of statutory construction, because a § 2255 motion seeks "to vacate, set aside or correct *the* sentence," 28 U.S.C. § 2255 (emphasis added), a second or successive motion would have to be second or successive to another § 2255 motion challenging the same order imposing sentence. Olabode's § 2255 motion at issue challenges a different order than did the first motion; correspondingly, the notice of appeal was taken from the latter sentencing order dated January 11, 2001, and not the first sentencing order dated June 25, 1999.

The amici curiae also argue that as a matter of policy the direct appeal should occur before a collateral attack is made because only issues not raised or raisable on direct appeal can be addressed in a § 2255 motion. They state that a direct appeal gives the defendant an opportunity to evaluate with counsel the claims that may be raised in a § 2255 motion. Like Olabode, amici curiae argue that this approach places the defendant in the position he would have been in had the notice of appeal been timely filed.

The Government argues that the better view is that such a motion is second or successive except with respect to claims which relate to the direct appeal. It contends that the statute does not provide for the exception that Olabode seeks, and emphasizes that the District Court in this case notified Olabode that he was required to present all of his claims in his first motion. *See Miller*, 197 F.3d 644. In response to the argument that the § 2255 motion at issue corresponds to the new sentencing order, the Government contends that the entry of the new sentence was a ministerial act, that the original sentence was not changed in any way and that Olabode's claims relate to events predating that sentence.

The Government argues in response to the amici curiae's policy arguments that requiring a defendant to present all of his claims in his § 2255 motion seeking to reinstate his appeal is not unfair because he has no right to collateral review and the grounds for collateral relief are limited. It contends that the rule urged by Olabode and the amici curiae will treat some petitioners differently because those petitioners whose motions to reinstate their appeals are denied will not be able to file a second § 2255 motion without seeking authorization from the court of appeals.

This issue was most recently considered by the Court of Appeals for the Eleventh Circuit in *McIver v. United States*, 307 F.3d 1327 (11th Cir. 2002). McIver filed a motion pursuant to § 2255 alleging that trial counsel was ineffective for failing to file a notice of appeal and seeking the right to file a direct appeal. The district court granted the motion and entered a new judgment of sentence, thereby allowing the defendant to file a timely notice of appeal. McIver's conviction and sentence were affirmed on

direct appeal and he then filed a § 2255 motion challenging his conviction and sentence. The district court dismissed the motion as a second or successive application for post-conviction relief that could not be filed without the permission of the court of appeals.

The court of appeals reversed. It ruled that the motion was not second or successive, explaining that the defendant's motion does not attack the judgment at issue in his earlier § 2255 motion but attacks the new judgment that was entered to permit his direct appeal. *Id.* at 1330. It stated that the first motion sought only the opportunity to prosecute a direct appeal and did not seek to have the conviction overturned or sentence vacated. *Id.* The court noted that some collateral challenges do not render subsequent motions second or successive, such as those that follow dismissal of a first motion for failure to exhaust state remedies, those that are unripe or those dismissed because the defendant failed to pay the required filing fee. *Id.* at 1330-31. Finally, the court explained that this approach restores the defendant to the position he would be in had his lawyer filed a timely notice of appeal. *Id.* at 1331.

The same approach was taken by the court of appeals in *In re Goddard*, 170 F.3d 435 (4th Cir. 1999). There, the district court had granted the defendant's § 2255 motion based on the defendant's claim that counsel failed to file a direct appeal despite his request to do so. After the defendant's subsequent direct appeal was denied, the defendant filed another § 2255 motion alleging ineffective assistance of counsel at sentencing. The district court dismissed the motion, concluding this § 2255 motion was "second or successive" and that the defendant needed the prior authorization of the court of appeals.

In deciding that the defendant did not need its authorization to file the § 2255 motion in the district court, the majority opinion of the Court of Appeals for the Fourth Circuit reasoned that the defendant would not be fully restored to the position that he would have been in had his lawyer filed a timely appeal if his subsequent § 2255 motion is considered to be second or successive. *Id.* at 437. The court stated that a prisoner who uses his one § 2255

motion to regain his constitutional right to a direct appeal will not have a full and fair opportunity to wage a collateral attack, and that requiring the defendant to raise all of his claims in his first § 2255 motion forces him, without counsel, to make the objections to his conviction that his lawyer would have made for him on direct appeal and subjects these claims to a more stringent standard of review. *Id.*[2]

The Courts of Appeals for the Seventh and Tenth Circuits also have concluded that a § 2255 motion filed after the reinstatement of the right to a direct appeal is not second or successive. *See Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998) (per curiam) (concluding that an order granting a § 2255 motion and reimposing sentence because counsel failed to file a direct appeal "resets to zero the counter of collateral attacks pursued"); *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) (per curiam) ("[B]ecause of the unique situation presented when the granting of the prior [§ 2255] motion merely reinstated the right to a direct appeal, the first subsequent motion is not a second or successive motion under AEDPA."); *see also Vasquez v. Parrott*, 318 F.3d 387 (2d Cir. 2003) (holding habeas petition was not second or successive where first petition did not attack conviction but alleged due process violation due to delay in adjudication of direct appeal in state court).

The opposite conclusion has been reached by two courts of appeals. In *United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 2000), the court agreed with the district court that its grant of the defendant's § 2255 motion enabling him to file a direct appeal which his attorney had failed to protect should be counted as a first § 2255 motion. Therefore, the defendant who filed another § 2255 motion seeking to vacate his conviction and sentence after his sentence was affirmed on direct appeal sought a second or

---

2. The dissenting judge was of the position that requiring a defendant to raise all collateral claims in the first motion is not unfair because he has no right to counsel or a more favorable standard of review in a § 2255 proceeding. *Id.* at 441. This is essentially the position of the Government in this appeal.

successive § 2255 motion which required court of appeals authorization. In affirming, the court of appeals distinguished the decision in *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), where the Supreme Court held that a § 2255 motion was not second or successive where it presented a claim that had been dismissed as premature when it was raised in a prior § 2255 motion. The *Orozco-Ramirez* court noted that in *Stewart* the defendant could not have raised the claim in his first motion but Orozco-Ramirez could have included his claims when he filed his initial § 2255 motion seeking reinstatement of his right to appeal. 211 F.3d at 869. The court applied principles of res judicata to conclude that the second motion was second or successive under AEDPA. *Id.* at 871. The court did allow the defendant to pursue claims arising out of the direct appeal, *id.*, as did the District Court in this case.

A similar approach was taken by the Court of Appeals for the First Circuit in *Pratt v. United States*, 129 F.3d 54 (1st Cir. 1997). It concluded that the defendant was required to present all of his available claims in his initial § 2255 motion seeking reinstatement of his right to a direct appeal. *Id.* at 61. The court rejected the defendant's arguments that presenting all of his claims would have been premature because he had yet to pursue a direct appeal and that the second motion attacked a different judgment than his initial motion. *Id.* at 61-62. It explained that the defendant had an incentive to include all of his claims in his initial motion because he could not predict whether the district court would grant it based upon the claim that counsel failed to file a timely appeal. *Id.* at 61. Because the defendant had the incentive and ability to raise his other claims in his first motion, the court held that the standard practice of entering a new judgment when an appeal is reinstated did not support that the second motion was not "second or successive." *Id.* at 62.

The position taken by the minority of the courts of appeals to have considered the issue is not unreasonable but ultimately unpersuasive. The purpose of Olabode's resentencing was to put him back into the position that he would have been in had his attorney filed a notice of appeal. It was not until Olabode filed his subsequent

§ 2255 motion that he sought to vacate, set aside or correct his sentence. Allowing Olabode to pursue his direct appeal and then raise any remaining collateral claims in a § 2255 motion ensures the orderly administration of direct and collateral proceedings. *See Kapral*, 166 F.3d at 572 (noting defendants should conclude direct review before commencing § 2255 proceedings).

This result is consistent with the Supreme Court's decision in *Stewart*, 523 U.S. 637. The defendant in that case filed several habeas petitions that were dismissed for failure to exhaust state remedies. After exhausting state remedies, he filed a habeas petition raising various claims, including a claim that he was incompetent to be executed. The district court addressed the claims on the merits with the exception of the incompetency claim which it dismissed as premature. After the state obtained a warrant for the defendant's execution, the defendant moved to reopen his incompetency claim. The district court ruled that it lacked jurisdiction over the motion and the defendant moved in the court of appeals for permission to file a successive habeas petition. The court of appeals held that authorization was not required. *Id.* at 641.

The Supreme Court agreed, holding that the petition was not second or successive because the claim was not ripe at the time of the first petition. *Id.* at 643. It compared the claim to one that has been dismissed for failure to exhaust state remedies and explained that a dismissal for technical procedural reasons does not bar the defendant from obtaining habeas review. *Id.* at 645. Although Olabode's initial motion was not dismissed on technical procedural grounds, it was granted so that he could pursue a direct appeal, a step that should be taken prior to collaterally attacking a sentence. Like the situation where a habeas petition has been dismissed for failure to exhaust state remedies, when Olabode filed his subsequent motion the District Court had yet to adjudicate any claims challenging his conviction or sentence.[3] Accordingly, we agree with the

---

3. Our conclusion also comports with *Solis v. United States*, 252 F.3d 289 (3d Cir. 2001), holding that where a defendant claims in a § 2255 motion that his attorney failed to file a direct appeal, the defendant is

majority of the other courts of appeals that have addressed this issue and hold that Olabode's § 2255 motion is not second or successive under AEDPA as Olabode's first § 2255 motion merely sought reinstatement of his right to a direct appeal.

In *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997), we held that when the prisoner's prior petition was dismissed for failure to exhaust state remedies, it did not count as a first petition. We reasoned that "[t]he problems that the abuse of the writ doctrine seeks to avoid are not implicated when a petition is filed after a prior petition is dismissed for lack of exhaustion." *Id.* at 208. Similarly here, when the first petition merely sought the right to file a direct appeal, there was no abuse of the writ.[4]

entitled to an evidentiary hearing on the matter unless the claim is conclusively contradicted by the record or patently frivolous. The court remanded the case for a hearing and denied without prejudice the other claims raised in the § 2255 motion. The court further stated that "[i]n the event the Petitioner presents another § 2255 petition, it shall be deemed his first filed petition." *Id.* at 295.

4. The Government has submitted a letter pursuant to Federal Rule of Appellate Procedure 28(j) calling to our attention this court's recent decision in *United States v. Barnes*, 2003 WL 1467580 (3d Cir. March 24, 2003). It states that this decision is consistent with its view that a § 2255 petitioner must raise all claims in an initial petition. A review of the procedural posture of *Barnes* shows that it is not precedential authority for the Government's position here.

Barnes, who filed a § 2255 claiming trial counsel was ineffective in failing to file a timely appeal, was advised by the district court to raise all his claims for relief in one § 2255. Barnes withdrew his earlier § 2255 and refiled it raising other claims in his § 2255 motion in addition to the claim that counsel failed to file a direct appeal. The district court in *Barnes* granted the § 2255 motion on the claim that counsel failed to file an appeal and took Barnes' other claims under advisement. It entered a new judgment of conviction and sentence. When Barnes then filed his direct appeal and an appeal from an order denying bail, we sua sponte questioned whether the district court's order was final because it had reserved the § 2255 claims. In holding that we had jurisdiction over the direct appeal, we commented that although ordinarily a § 2255 motion is filed after the completion of a direct appeal, the district court, by holding Barnes' § 2255 claims under advisement and allowing an appeal from

## IV.

## CONCLUSION

For the reasons discussed above, we will vacate the order of the District Court transferring Olabode's § 2255 motion to this court for authorization to file it pursuant to § 2244 and remand for further proceedings.

A True Copy:
       Teste:

*Clerk of the United States Court of Appeals
for the Third Circuit*

---

the judgment of conviction, replicated that procedure as far as possible. Although the Government correctly notes that we further stated that Barnes "was constrained to raise all of his section § 2255 issues in his first motion," the issues of whether a defendant must raise all of his claims in a § 2255 motion seeking reinstatement of the right to a direct appeal and whether a subsequent § 2255 motion would be "second or successive" were not squarely before the court and the court's comment was, at most, dictum. *Barnes*, 2003 WL 1467580, at *2. The issue we raised in that case was our jurisdiction. We do not regard the court's passing statement as binding precedent in a case where the issue is not squarely raised.