

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# USA v. Dwumaah

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1399

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Dwumaah" (2006). *2006 Decisions*. Paper 1014.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1014

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1399

UNITED STATES OF AMERICA

v.

KWAME DWUMAAH,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Judge: Honorable Christopher C. Conner
District Court No.: 05-CR-00157

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 12, 2006

Before: BARRY, SMITH, and TASHIMA,[*] *Circuit Judges*

(Filed: May 31, 2006)

OPINION OF THE COURT

TASHIMA, *Circuit Judge.*

Appellant Kwame Dwumaah entered a guilty plea to one count of theft of

government monies, in violation of 18 U.S.C. § 641. He received a five-month term of

---

[*] The Honorable A. Wallace Tashima, Senior United States Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

imprisonment.  On appeal, he contends that his prior counsel was ineffective for failing to object to the amount of loss calculated in the Presentence Investigation Report ("PSR").  The district court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction over the final order of the district court pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## I.

Dwumaah, a citizen of Ghana, was indicted on numerous charges related to his receipt of student loans from the United States Department of Education.  Dwumaah claimed to be a United States citizen on the loan application forms.  After entering a plea of not guilty, Dwumaah entered into a plea agreement with the government, in which he agreed to plead guilty to an information charging him with one count of theft of public monies, in violation of 18 U.S.C. § 641, based on his receipt of a $500 student loan in November 2000.  Under the agreement, the government and Dwumaah agreed "that the loss to the victim for the offense to which the defendant is pleading guilty is $500."  However, they further agreed that "the Court will also determine the amount of the loss in this case under the U.S. Sentencing Guideline provisions governing 'relevant conduct,' for the purposes of adjusting the defendant's base level."  The government agreed to recommend a sentence within the "advisory guideline range," but warned that the court would not be bound by "any recommendations or agreements made by the parties."

According to the PSR, the government submitted that the total loss, including all of  the loans and grants Dwumaah received at two schools, as well as

2

interest paid by the Department of Education on some of the loans, was $75,192. Dwumaah's Sentencing Memorandum, filed in response to the PSR, acknowledged that the loss was in excess of $70,000.

At the sentencing hearing, Dwumaah's counsel agreed that the amount of the loss was $75,192. He did object to the denial of an adjustment for acceptance of responsibility, contending that Dwumaah believed that he obtained the loans properly. He further argued that Dwumaah was entitled to the acceptance of responsibility adjustment because he was willing to make restitution in the full amount.

The district court relied on the $75,192 figure in calculating Dwumaah's offense level but granted a two-level reduction for acceptance of responsibility, resulting in a guideline range of 10-16 months, reduced by the statutory maximum to 10-12 months. The court sentenced Dwumaah to five months' imprisonment and ordered him to pay $75,192 in restitution.

## II.

Ineffective assistance of counsel claims generally are not addressed on direct appeal because "'such claims frequently involve questions regarding conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an appropriate hearing.'" United States v. McLaughlin, 386 F.3d 547, 555-56 (3d Cir. 2004) (quoting Gov't of Virgin Islands v. Zepp, 748 F.2d 125, 133 (3d Cir. 1984)). "Where a claim of ineffective assistance of counsel is based on attorney incompetence, the lack of a fully developed record often precludes a

3

comprehensive inquiry into the elements of strategy or tactics that may have entered into defense counsel's challenged decision." Id. at 556. The court accordingly reserves such claims "for disposition in section 2255 proceedings." United States v. Barnes, 324 F.3d 135, 139 (3d Cir. 2003). A narrow exception to this rule exists where the record is sufficient to allow determination of an ineffective assistance claim. McLaughlin, 386 F.3d at 556; see also United States v. Jones, 336 F.3d 245, 254 (3d Cir. 2003).

Dwumaah contends that his former counsel's failure to object to the $75,192 figure determined to be the amount of the loss constituted ineffective assistance. He argues that the usual rule precluding an ineffective assistance claim on direct appeal does not apply because the record clearly reveals how he was prejudiced by his counsel's failure to challenge the amount.

The narrow exception to our general rule does not apply here because the record is not sufficient to determine Dwumaah's ineffective assistance claim. Government counsel stated at the change of plea hearing that he would present evidence of the amount of the loss to the court, that he already had given Dwumaah's counsel a spreadsheet regarding the amount, and that he would be prepared to establish the amount at an evidentiary hearing if necessary. None of this evidence is in the record. Thus, similar to Barnes, where we declined to make factual findings regarding the defendant's ineffective assistance claim, we decline to address Dwumaah's claim. We will therefore affirm the sentence imposed by the district court and dismiss the appeal without prejudice with respect to the ineffective assistance of counsel claims. See McLaughlin, 386 F.3d at 556

4

(dismissing without prejudice the appeal "to the extent that it claims ineffective assistance of counsel").

Sentence **AFFIRMED**; ineffective assistance of counsel claims **DISMISSED without prejudice.**