An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MILO WILLIAM HICKS, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61656

FILED

APR 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Milo Hicks, Jr. was convicted of burglary while in possession of a firearm, conspiracy to commit robbery, three counts of robbery with the use of a deadly weapon, and two counts of battery with the use of a deadly weapon. This court dismissed Hicks' direct appeal because it was not timely filed. Hicks v. State, Docket No. 50722 (Order Dismissing Appeal, March 7, 2008). Hicks filed a petition for a writ of habeas corpus in the district court arguing that counsel's ineffectiveness deprived him of a direct appeal and raising other ineffective assistance of counsel and direct appeal claims. The district court determined that Hicks was deprived of a direct appeal and allowed him to file a petition pursuant to the remedy provided in Lozada v. State, 110 Nev. 349, 359, 871 P.2d 944, 950 (1994). The district court denied Hicks' petitions, concluding that his direct appeal claims lacked merit and that, other than untimely filing a notice of appeal, counsel was not ineffective. This court affirmed, Hicks v. State, Docket No. 54904 (Order of Affirmance, July 15 2010), and the remittitur was issued on August 10, 2010. On April 6,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10519

2010, Hicks filed another petition for a writ of habeas corpus, which the district court denied as untimely, because it was filed more than a year after the judgment of conviction was filed, and successive. This court reversed, concluding that because Hicks' Lozada petition was his appeal deprivation remedy, his second petition was timely and not successive. Hicks v. State, Docket No. 56486 (Order of Reversal and Remand, April 6, 2011). After remand, the district court denied Hicks' petition on the merits,[1] and this appeal followed.[2]

Hicks argues that the district court erred by denying his claims that trial counsel was ineffective. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been

---

[1]While the district court's order states that Hicks' claims of ineffective assistance of trial counsel are time-barred, it also addresses the merits of Hicks' claims. Hicks' claims were not time-barred, see id., and the district court appropriately reached the merits of his claims.

[2]The State contends that Hicks' claims are successive because his first petition raised some claims of ineffective assistance of counsel which were addressed by the district court. However, this did not preclude Hicks from raising additional claims of ineffective assistance of trial and Lozada counsel in the instant petition. See generally NRAP 4(c)(4) (providing that "[a] habeas corpus petition filed after a direct appeal conducted under [the rule that replaced the Lozada remedy] shall not be deemed a 'second or successive petition' under NRS 34.810(2)"); In re Olabode, 325 F.3d 166, 171 (3d Cir. 2003) (discussing the majority approach that a post-conviction petition is not successive when it follows a petition which raised a valid appeal deprivation claim).

different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697. We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Hicks argues that counsel was ineffective for failing to object to witness bolstering, object to the prosecutor's use of a "golden rule" argument and injection of personal opinion during closing argument, seek the recusal of the trial judge, and move for a mistrial. The district court conducted an evidentiary hearing and denied these claims because it concluded that they were strategic decisions of counsel and Hicks failed to demonstrate that the verdict would have otherwise been different. We conclude that the district court did not err by denying these claims.

Hicks also argues that the district court erred by denying his claims that trial counsel was ineffective for failing to timely file a notice of appeal and that the Lozada remedy is not adequate to cure the deprivation of a direct appeal. Because Hicks was provided an adequate appeal deprivation remedy pursuant to Lozada, we conclude that the district court did not err by denying these claims. See Evitts v. Lucey, 469 U.S. 387, 399 (1985) (expressing approval of a state court's use of a "postconviction attack of the trial judgment as the appropriate remedy for frustrated right of appeal" (internal quotation marks omitted)).

Finally, Hicks argues that the district court erred by denying his claim that counsel's errors, considered cumulatively, warrant relief. Because we agree with the district court that counsel was not ineffective, there are no errors to cumulate.

Having concluded that Hicks' contentions are without merit, we[3]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                        Cherry

cc:  Hon. Elissa F. Cadish, District Judge
     Matthew D. Carling
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[3]Hicks also argues that the district court erred by denying his claims that trial counsel was ineffective for failing to move for a directed verdict on the conspiracy charge or object to the conspiracy instruction, and that appellate counsel was ineffective for failure to raise "meritorious issues on appeal." Hicks fails to support these claims with any cogent argument or relevant authority and therefore we decline to consider them. Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).