**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4569
_____

UNITED STATES OF AMERICA

v.

KHALIL ABDUL HAKIM
a/k/a Anthony Lowery

Khalil Abdul Hakim,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-02-cr-00131-001)
District Judge: John R. Padova
_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2013
_____

Before: RENDELL, SMITH, and SHWARTZ, Circuit Judges

(Filed: July 23, 2013)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

    Defendant Khalil Abdul Hakim appeals pro se the order of the District Court

revoking his supervised release and sentencing him to a term of six months of

imprisonment and four years of supervised release. He also appeals the District Court's order dismissing his motion filed pursuant to 28 U.S.C. § 2255. We will affirm.

**I.**

As we write primarily for the benefit of the parties, we recite only the essential facts and procedural history. On June 11, 2002, Hakim was convicted of four counts arising from an armed bank robbery. The District Court for the Eastern District of Pennsylvania ("EDPA") sentenced him to 136 months of imprisonment, followed by five years of supervised release and restitution of $14,698. Hakim was released from custody on December 2, 2011, and while on release he was supervised by the United States Probation Office for the Middle District of Pennsylvania ("MDPA"), the district in which he resided. As conditions of his supervised release, Hakim was required to pay at least $250 per month of the restitution, meet with a probation officer, and submit truthful and complete written reports to his probation officer within the first five days of each month.

On November 19, 2012, the probation officer filed a report of violation of supervised release alleging that Hakim had failed to make any payments and had ceased submitting reports after May 2012. On December 19, 2012, the District Court for the EDPA held a violation of supervised release hearing, found that Hakim had violated the conditions of his supervised release, revoked his supervised release, and sentenced him to six months of imprisonment and four years of supervised release.

**II.**

Hakim appeals the District Court's decision that he violated the terms of his supervised release and its decision dismissing his motion filed pursuant to 28 U.S.C. § 2255 for lack of subject matter jurisdiction. We will address the two arguments in turn.

**A.**

Hakim appeals the revocation on the grounds that the District Court for the EDPA lacked jurisdiction over him and that his case had been closed, therefore terminating his obligation to comply with the conditions of his supervised release. [1]

The Sentencing Reform Act of 1984 authorizes district courts to modify, extend, terminate, or revoke a term of supervised release. 18 U.S.C. § 3583(e). Hakim's original conviction and sentencing occurred in the EDPA. When Hakim was released from prison, he resided in the MDPA and was supervised by the Probation Office in that district for his convenience. This supervision arrangement fulfilled the requirement of 18 U.S.C. § 3624(e), which requires the Bureau of Prisons to release the defendant to a probation officer for supervision. The uncontroverted testimony of the probation officer demonstrates that Hakim was informed of the courtesy supervision arrangement, which enabled Hakim to reside in the district of his choice, and told that he was subject to the conditions of his supervised release and that the District Court for the EDPA retained jurisdiction over his case. While jurisdiction over a person on supervised release may be transferred to another district court, 18 U.S.C. § 3605, there was no order that transferred

---

[1] The District Court had jurisdiction over the revocation of supervised release under 18 U.S.C. § 3583, and we have appellate jurisdiction under 28 U.S.C. § 1291.

3

jurisdiction over Hakim's case. Thus, while the probation office in the MDPA supervised Hakim to monitor his compliance, only the District Court for the EDPA had the authority, or put differently, the jurisdiction, to decide if Hakim violated any of the conditions of supervised release it imposed upon him.

Hakim's claim that he was no longer subject to supervised release is similarly without merit. Despite a notation on the docket that the case was closed, this statement reflected only that the proceedings through judgment were concluded. The judgment itself and Hakim's obligations thereunder remain in full force and effect, and as a result, Hakim's supervision had not been terminated when the District Court closed the case.

Finally, Hakim's challenge to the finding that he violated his supervised release fails. We review the District Court's decision revoking supervised release for abuse of discretion. United States v. Maloney, 513 F.3d 350, 354 (3d Cir. 2008). The factual findings supporting the decision are reviewed for clear error and legal issues are reviewed de novo. Id. The District Court's factual findings that Hakim violated the terms of his supervised release by failing to make restitution payments, report to his probation officer, and file monthly reports are amply supported by the uncontradicted testimony of the probation officer.[2] Thus, the District Court's decision that Hakim violated the terms of his supervised release was a proper exercise of its discretion.

---

[2] To revoke supervised release, a district court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e).

4

**B.**

Hakim also contends that the District Court erred when it dismissed the section 2255 motion he filed on December 14, 2012. Our review of the District Court's legal conclusions is plenary, and we review factual conclusions for clear error. United States v. Davies, 394 F.3d 182, 188 (3d Cir. 2005). Here, the record confirms that Hakim's December 14, 2012 section 2255 motion was his second section 2255 motion and that he filed it without seeking leave to file a second or successive motion as prescribed by 28 U.S.C. § 2244(b)(3). See 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 . . . ."). Therefore, the District Court correctly dismissed the second petition for lack of subject matter jurisdiction. 28 U.S.C. § 2244(b)(4); In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003) ("Before a second or successive section 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion.").

**III.**

For the foregoing reasons, we will affirm the order of the District Court.