BLD-166                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1341
_____

ANDREW S. MACKEY,
                                                    Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-14-cv-00571)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: April 27, 2015)
_____

OPINION*
_____

PER CURIAM

    Appellant Andrew Mackey appeals the dismissal of his petition for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2241.  We will affirm.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Following a jury trial in the United States District Court for the Northern District of Georgia, Mackey was convicted of numerous financial fraud offenses. See United States v. Mackey, N.D. Ga. Crim. No. 10-cr-00310. Immediately after the jury returned its verdict, the District Court ordered that Mackey – who had, up to this point, been released on bond – be detained pending sentencing. The District Court, in denying Mackey's motion seeking reconsideration of this decision, found that Mackey failed to present clear and convincing evidence that he was not likely to flee and that he did not pose a danger to the safety of any other person or the community if released pending sentencing. See D. Ct. Order of July 19, 2012. The District Court thus concluded that Mackey failed to overcome the statutory presumption against release pending sentencing set forth in 18 U.S.C. § 3143(a). Mackey appealed that decision to the Court of Appeals for the Eleventh Circuit, and filed an emergency motion for release pending sentencing. See C.A. No. 12-13976-F.

While Mackey's motion was pending in the Court of Appeals, the District Court denied two other motions for release pending sentencing. See D. Ct. Orders of Aug. 8, 2012, and Aug. 9, 2012. Mackey fared no better before the Eleventh Circuit. The Court of Appeals denied his motion in an order filed September 6, 2012. Mackey was thereafter sentenced on November 9, 2012, to 324 months of imprisonment. Mackey's sentences were followed by various terms of supervised release, and were accompanied by orders to pay restitution and special assessments. The Court of Appeals affirmed Mackey's convictions and sentences on July 31, 2014. See United States v. Jensen, 573

2

F. App'x 863 (11th Cir. 2014).  That court's mandate recently issued on April 13, 2015.

See C.A. No. 12-15897.

Mackey – now confined in Fairton, New Jersey – sought recourse in the United

States District Court for the District of New Jersey by filing a petition for writ of habeas

corpus pursuant to § 2241 in January 2014.  Mackey claimed, inter alia, that he was being

unconstitutionally held without bail pending appeal and that he had been

unconstitutionally deprived of his liberty as a result of a government officer's fabrication

of evidence at trial.  See Section 2241 Pet. at 2.  In an order entered on January 15, 2015,

the District Court dismissed Mackey's § 2241 petition for lack of jurisdiction.  The court

initially noted that, because Mackey had already been sentenced and his conviction

affirmed on appeal, his challenge to the revocation of bail was moot.  The court further

concluded that, insofar as Mackey sought to challenge his conviction and/or sentence, his

challenge should be brought in a motion filed pursuant to 28 U.S.C. § 2255 in the

sentencing court, i.e., the District Court for the Northern District of Georgia.  The court

advised Mackey to be mindful of the one-year limitations period for the filing of an initial

§ 2255 motion.  This timely appeal followed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.  Our review of

the District Court's decision to dismiss Mackey's § 2241 petition is plenary.  See Cradle

v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  Our Clerk advised Mackey that

the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.

The parties were invited to submit argument in writing, and both have done so.  After

3

carefully considering the record and the parties' submissions, we will summarily affirm the order of dismissal.

A petition filed pursuant to § 2241 is used to challenge some aspects of the *execution* of a federal inmate's sentence. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Despite Mackey's contention to the contrary, his petition is replete with challenges to the validity, as opposed to the execution, of his conviction and sentence. While it is not clear whether Mackey intends to file or has already filed a petition for writ of certiorari, what is clear is that he may collaterally challenge his conviction and sentence in the sentencing court pursuant to § 2255. See In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003) ("Once the defendant has completed a direct appeal, [he] may file one collateral challenge as a matter of course provided it is timely.").

In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, see In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997), but we have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). Mackey's § 2241 petition does not make this "safety valve" argument,

4

and his allegations that his incarceration is unconstitutional may, as the District Court advised, be pursued by the filing of a § 2255 motion in the sentencing court. We thus agree with the District Court that § 2241 is not the proper means for raising the claims Mackey seeks to advance in the underlying petition.

As Mackey himself acknowledges, there is a recognized procedure for release pending sentencing, see 18 U.S.C. § 3143(a), but the Bail Reform Act requires that any such motion be filed in the Northern District of Georgia or in the Eleventh Circuit Court of Appeals. Mackey's contention that he was not properly afforded an opportunity to challenge his revocation of bail is belied by the record in his criminal case as well as his proceedings in the Eleventh Circuit Court of Appeals. Citing to § 3143(a)(1), the Eleventh Circuit denied Mackey's request for release pending sentencing. See C.A. No. 12-13976-F (Order filed Sept. 6, 2012). If Mackey believed there were grounds to have that decision reconsidered while his appeal was pending, he was aware that he could have filed a motion pursuant to § 3143(b) and Fed. R. App. P. 9. See Appellant's Mot. to Expedite at 1. In any event, this contention does not serve as a proper basis for his § 2241 petition.

For the foregoing reasons, and because the appeal presents no substantial question, we will summarily affirm the District Court's order of dismissal. See Third Circuit LAR 27.4 and I.O.P. 10.6. Mackey's motions for summary reversal and to expedite are denied.