CLD-171                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1969
_____

LEANTHONY T. WINSTON,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-01081)
District Judge:  Honorable Robert D. Mariani
_____

Submitted on Appellee's Motion for Summary Action
July 6, 2023
Before: SHWARTZ, MATEY, and FREEMAN, Circuit Judges

(Opinion filed: July 26, 2023)
_____

OPINION*
_____

**PER CURIAM**

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant LeAnthony T. Winston appeals the District Court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241 and the denial of his motions for reconsideration filed under Federal Rule of Civil Procedure 59(e).  The Government has moved for summary affirmance.  For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2021, a jury in the United States District Court for the Eastern District of Virginia found Winston guilty of sex trafficking, firearms, and drug offenses.  He was sentenced to 460 months of imprisonment.  Winston appealed.  See United States v. Winston, C.A. No. 22-4164 (4th Cir.).

In July 2022, Winston, who was incarcerated at USP Canaan, filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania.  (ECF 1.)  He asserted various grounds for challenging his conviction.  The Government filed a response in opposition to the petition.  (ECF 11.)  The District Court dismissed the petition for lack of jurisdiction because Winston failed to demonstrate that a motion under 28 U.S.C. § 2255 would be an inadequate or ineffective remedy.  (ECF 12 & 13.)  Winston timely sought reconsideration under Federal Rule of Civil Procedure 59(e).  (ECF 14; 17; 18.)  The District Court denied relief.  (ECF 19.)  Winston timely appealed.  (ECF 20.)

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review its factual findings for clear error.  See Cradle v. United States ex

2

rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We review an order denying a motion for reconsideration for abuse of discretion. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). The "savings clause" contained in § 2255(e) provides an exception to this rule when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e); see also Jones v. Hendrix, 143 S. Ct. 1857, 1866–69 (2023) (discussing the savings clause). Winston has not established that § 2255 is inadequate or ineffective here.[1] At the time that he filed his § 2241 petition, Winston had not yet even completed his direct appeal to the Court of Appeals for the Fourth Circuit. After that appeal is complete, if he is not satisfied, he may collaterally challenge his conviction and sentence in the sentencing court pursuant to § 2255. See In re Olopade, 325 F.3d 166, 168 (3d Cir. 2003) ("Once the defendant has completed a direct appeal, [he] may file one collateral challenge as a matter of course provided it is timely.").

---

[1] We also conclude that the District Court did not abuse its discretion in denying Winston's Rule 59(e) motions, which raised the same challenges to his conviction that were asserted in his § 2241 petition.

3

Based on the foregoing, we agree with the Government that the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.