BLD-304                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2294
_____

UNITED STATES OF AMERICA

v.

BRIAN D'ALFONSO,

                                                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 03-cr-00746)
District Judge: Honorable John R. Padova

_____

Submitted for a Certificate of Appealability or Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 13, 2010)
_____

OPINION
_____

PER CURIAM

        Brian D'Alfonso appeals from the District Court's order denying his motions to

withdraw his guilty plea and for bail. We will affirm. See 3d Cir. L.A.R. 27.4 (2008); 3d Cir. I.O.P. 10.6.

I.

In 2004, D'Alfonso pleaded guilty to sixteen counts of mail fraud and four counts of the sale of unregistered securities in violation of 18 U.S.C. § 1341 and 15 U.S.C. § 77e(a)(2), respectively. His plea agreement contains a provision waiving his right to appeal and collaterally attack his sentence. On February 2, 2005, the District Court sentenced D'Alfonso to an aggregate sentence of seventy-five months of imprisonment. D'Alfonso appealed, and we dismissed his appeal on the Government's motion to enforce his waiver of his appellate rights. United States v. D'Alfonso, 3d Cir. C.A. No. 05-1363 (May 27, 2005 order).

In 2007, D'Alfonso filed a motion under 28 U.S.C. § 2255. He alleged, among other things, that the prosecution used the perjured testimony of informants Eugene Carpino and Gabriel Santosusso before the grand jury and failed to disclose certain criminal conduct that might have been used to impeach them at trial. The District Court appointed counsel, conducted an evidentiary hearing, and ultimately dismissed D'Alfonso's § 2255 motion after finding that his waiver of collateral attack rights in the plea agreement was knowing and voluntary and that enforcement of the waiver would not give rise to a miscarriage of justice. We denied a certificate of appealability. United States v. D'Alfonso, 3d Cir. C.A. No. 08-2298 (Sep. 17, 2008 order).

2

D'Alfonso later filed the motions at issue here, the first of which he captioned as a "motion to withdraw guilty plea." D'Alfonso again asserted that the prosecution withheld evidence concerning Carpino and Santosusso and thereby secured his guilty plea under "false pretenses." D'Alfonso also filed a motion for bail or expedited consideration. By order entered April 29, 2010, the District Court denied both motions. D'Alfonso appeals.[1]

## II.

We find no error in the District Court's denial of D'Alfonso's motion to withdraw his guilty plea. The District Court appears to have treated the motion as one under Rule 11 of the Federal Rules of Criminal Procedure. As the District Court explained, the rule provides that, "after the court imposes sentence, the defendant may not withdraw a plea of guilt or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). The District Court further noted that D'Alfonso already has filed both an appeal and a collateral attack to no avail. Thus, it concluded that "[w]e may not set aside Defendant's guilty plea based on the instant motion." We agree. See

---

[1]We have jurisdiction to review the District Court's denial of a motion to withdraw a guilty plea and denial of bail pursuant to 28 U.S.C. § 1291. See United States v. Jones, 336 F.3d 245, 251 (3d Cir. 2003) (motion to withdraw); United States v. Smith, 835 F.2d 1048, 1049 (3d Cir. 1987) (bail). We generally review the denial of a motion to withdraw a guilty plea for abuse of discretion, see United States v. King, 604 F.3d 125, 139 (3d Cir. 2010), though we exercise plenary review over the District Court's interpretation of the Federal Rules of Criminal Procedure. See United States v. Toliver, 330 F.3d 607, 610 (3d Cir. 2003). We exercise plenary review over the District Court's denial of bail as well. See United States v. Barnes, 324 F.3d 135, 140-41 (3d Cir. 2003).

3

also United States v. Garduño, 506 F.3d 1287, 1289-90 (10th Cir. 2007) (deeming motion to withdraw plea after sentence untimely under Rule 11).

One further observation is in order. Although D'Alfonso captioned his motion as one "to withdraw guilty plea," the District Court might have construed it as another motion under § 2255. So construed, D'Alfonso's motion would constitute a second or successive § 2255 motion that we have not authorized the District Court to consider. See 28 U.S.C. §§ 2244(b)(3), 2255(h). Thus, the District Court would have been obligated to dismiss the motion or transfer it to this Court to be treated as a § 2244 application for leave to file a second § 2255 motion. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002). We see no need to remand for such treatment in this case, however, because the District Court's treatment of the motion and application of Rule 11(e) effectively prevented D'Alfonso from circumventing these gate-keeping requirements.

Finally, we also find no error in the District Court's denial of bail. D'Alfonso sought bail under Rule 46(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a), which, as the District Court explained, apply only to bail pending sentencing or appeal, both of which already have occurred.

Accordingly, we will affirm the judgment of the District Court. To the extent that D'Alfonso's motion to withdraw his guilty plea might be construed as a § 2255 motion, and to the extent that a certificate of appealability might be required to appeal the denial of that motion, a certificate of appealability is denied for the reasons stated herein.

4